# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Nijyal Gray,

                Plaintiff,        Case No. 24-10857

v.

                               Judith E. Levy

Troy Crisman, *et al.*,        United States District Judge

          Defendants.   Mag. Judge Anthony P. Patti

_____/

# OPINION AND ORDER SEVERING LEAD PLAINTIFF GRAY'S CASE FROM THE REMAINING PLAINTIFFS, SUMMARILY DISMISSING WITHOUT PREJUDICE THE COMPLAINT WITH RESPECT TO THE REMAINING PLAINTIFFS, DENYING THE MOTION FOR CLASS CERTIFICATION, AND SUMMARILY DISMISSING PLAINTIFF GRAY'S COMPLAINT WITHOUT PREJUDICE [1]

Nijyal Gray is a prisoner incarcerated at the Charles Egeler Guidance and Reception Center Annex in Jackson, Michigan. (ECF No. 1.) Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Within the body of the complaint he has named thirty-five additional prisoners whom he wishes to include as plaintiffs in a class action lawsuit. (*Id.* at PageID.11–12.) One of those inmates, a person

identified as Williams, Inmate # 701371, is also named as a co-Plaintiff. (*Id.* at PageID.1, 4.)

For the reasons set forth below, the Court severs lead Plaintiff Nijyal Gray's case from the remaining Plaintiffs. The complaint is dismissed without prejudice with respect to the remaining Plaintiffs. The Court denies Gray's motion for class certification. Gray's complaint is dismissed without prejudice because the Defendants named by him cannot be sued under 42 U.S.C. § 1983.

## I. Factual Background

The complaint is difficult to understand. Plaintiff Gray alleges that he and other inmates in the Michigan Department of Corrections have been subjected to experiments conducted by Wayne State University working with the Michigan Department of Corrections. (ECF No. 1, PageID.7.) According to Plaintiff, these experiments involved exposing inmates to the COVID-19 virus through testing and various forms of contamination and cross-contamination. (*Id.* at PageID.7–8.) Plaintiff claims that cotton swabs with the active COVID-19 virus were inserted into the nostrils of unwitting inmates, often causing them to become infected with the disease, and that Wayne State University paid

$2,000.00 to the Michigan Department of Corrections for every inmate who tested positive for COVID-19. (*Id.* at PageID.7–10.) Plaintiff Gray claims he was forced to take the Moderna COVID-19 vaccine in April and May of 2021, and that the shots affected his mental health. (*Id.* at PageID.8.) Gray further alleges that the Michigan Department of Corrections has not followed the proper protocol, outlined by the Center for Disease Control, to prevent the transmission of the COVID-19 virus in prison. (*Id.* at PageID.8–9.) He claims he became ill with the COVID-19 virus and has been placed on breathing treatments. (*Id.* at PageID.9.)

Plaintiff Gray names Warden Troy Crisman, the Michigan Department of Corrections, Wayne State University, the Michigan Department of Health and Human Services, the State of Michigan, and possibly the Director of the Michigan Department of Corrections Heidi Washington as Defendants. (*Id.* at PageID.2.) He seeks monetary damages of $400,000,000.00 for himself and the other Plaintiffs. (*Id.* at PageID.4, 12.)

## II. Standard of Review

Plaintiff Gray proceeds without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997);

3

(ECF No. 6.) 28 U.S.C. § 1915(e)(2)(B) states that the Court "shall dismiss the case at any time if the court determines that[ ] the action or appeal[ ] is frivolous or malicious; [ ] fails to state a claim on which relief may be granted; or [ ] seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore*, 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

4

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Discussion

#### A. Plaintiff Gray's case is severed from the other Plaintiffs' cases. The complaint is dismissed without prejudice regarding the non-lead Plaintiffs. The motion for class certification is denied.

The Court severs lead Plaintiff Nijyal Gray's case from the remaining Plaintiffs' cases and dismisses the complaint without prejudice regarding the remaining Plaintiffs for several reasons.

First, the non-lead Plaintiffs did not file individual applications to proceed *in forma pauperis*, nor did any of them pay any portion of the $350.00 filing fee or the $55.00 administrative fee.

5

The Prisoner Litigation Reform Act of 1995 ("PLRA") states, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit suggested in an Administrative Order that fees and costs should be divided equally in such cases between the plaintiffs. *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1137–38 (6th Cir. 1997).[1]

---

[1] Courts in the Eastern District of Michigan have relied on the Sixth Circuit's Administrative Order, *In Re Prison Litigation Reform Act*, 105 F.3d 1131, for the rule that the filing fee should be apportioned between multiple prisoner plaintiffs. *See, e.g.*, *Williams v. Lafler*, No. 08-13821, 2009 WL 87004, at *1 (E.D. Mich. Jan. 12, 2009); *Coleman v. Granholm*, No. 06-12485, 2007 WL 1011662, at *2 (E.D. Mich. Mar. 29, 2007). However, other district courts within the Sixth Circuit have concluded that *In Re Prison Litigation Reform Act* "did not consider the impact of Fed. R. Civ. P. 20 on implementation of the PLRA [or that] [i]mplementation of the PLRA was designed to make prisoners feel the deterrent effect of the filing fee," and, as such, each plaintiff should be "individually responsible for a full filing fee." *Jones v. Fletcher*, No. A.05CV07-JMH, 2005 WL 1175960, at *6 (E.D. Ky. May 5, 2005); *see also Lawson v. Sizemore*, No. A.05-CV-108-KKC, 2005 WL 1514310, at *1 n.1 (E.D. Ky. June 24, 2005).

Other circuits have held that each prisoner in a multiple-plaintiff action is required to pay the entire filing fee, rather than have the fee apportioned among the different plaintiffs. *See, e.g. Hagan v. Rogers*, 570 F.3d 146, 155–56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if they file an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). If the prisoner does not pay the full filing fee and fails to provide the required documents, the district court generally must notify them of the deficiency and grant them thirty days to correct it or pay the full fee. *See McGore*, 114 F.3d at 605. If the prisoner does not comply, "the district court must presume that the prisoner is not a pauper, [ ] assess the inmate the full fee . . . [and] order the case dismissed for want of prosecution." *Id.* Here, none of the Plaintiffs other than Gray filed an application to proceed *in forma pauperis* or the required supporting documentation.

An additional problem with the complaint is that it has only been signed by a little over half of the thirty-six Plaintiffs. (*See* ECF No. 1, PageID.11–12.) Federal Rule of Civil Procedure 11(a) states, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Rule 11 further indicates that "the court must strike an unsigned paper unless the omission is promptly corrected after

7

being called to the attorney's or party's attention." *Id.* Moreover, a prisoner cannot sign a pleading on behalf of another prisoner in a legal proceeding in federal court. *See Rubinstein v. United States*, No. 23-12685, 2024 WL 37931, at *2 (E.D. Mich. Jan. 3, 2024).

Finally, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by [Federal] Rule [of Civil Procedure] 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.) (adopting magistrate judge's report) (citing *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008)). Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *5). Allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs." *Id.* (citing *Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 680203, at *1

8

(E.D. Wis. March 10, 2008)). Multiple plaintiff-prisoner cases like these can also often lead to pleadings being filed on behalf of other plaintiffs without their consent. *Id.* An additional problem with multi-plaintiff litigation in the prison context is that "jail populations are notably transitory, making joint litigation difficult." *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *5).

Misjoinder of parties is not normally a basis to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court. *Id.* at 781. The Court concludes that the best option is to sever Mr. Gray's case from the other Plaintiffs' cases. The Court dismisses the other thirty-five Plaintiffs from the case without prejudice, which would permit each Plaintiff to file their own separate complaint.

One additional problem with the complaint is that it appears that Plaintiff Gray seeks to represent the other Plaintiffs as part of a class action suit. The Court will deny this request by Gray or other Plaintiffs because they are self-represented and the Court has concerns that they are not able to adequately protect the interests of the class as required by Federal Rule of Civil Procedure 23, and for the reasons set forth below in the next section of this opinion. *See Heard v. Caruso*, 351 F. App'x 1,

15 (6th Cir. 2009). In short, the Court denies the motion for class certification.

### B. Plaintiff Gray's complaint is dismissed

*i. State of Michigan, the Michigan Department of Corrections, Wayne State University, and the Michigan Department of Health and Human Services are immune from suit.*

Plaintiff's lawsuit against the State of Michigan, the Michigan Department of Corrections, Wayne State University, and the Michigan Department of Health and Human Services must be dismissed because neither a state nor its agencies is a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment bars lawsuits against a state unless the state has waived its immunity or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Id.* at 66.

Here, Plaintiff has failed to allege any facts that would support a finding that the State of Michigan waived its immunity to his lawsuit, and § 1983 "does not abrogate Eleventh Amendment immunity." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). Therefore, any lawsuit against the State of Michigan is barred by the Eleventh Amendment.

The complaint must be dismissed against the Michigan Department of Corrections because it is also not a "person" subject to suit under 42 U.S.C. § 1983 and a suit against the Michigan Department of Corrections, as a state agency, is akin to a suit against the state itself. Thus, the Eleventh Amendment bars Plaintiff's action against the Michigan Department of Corrections. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Wayne State University as a public university is an arm of the state and, as such, is also entitled to Eleventh Amendment immunity. *See Kreipke v. Wayne State Univ.*, 807 F.3d 768, 776 (6th Cir. 2015).

Lastly, the Michigan Department of Health and Human Services also is immune from suit because it is a state agency. *See Kanuszewski v. Mich. Dep't of Health and Human Services*, 927 F.3d 396, 416–17 (6th Cir. 2019).

### ii.    *Defendants Washington and Crisman*

Plaintiff names Warden Crisman as a Defendant. Although unclear from the first page of the complaint, Plaintiff also appears to sue Heidi Washington, the Director of the Michigan Department of Corrections. (ECF No. 1, PageID.2.)

A supervisory official like Washington or Crisman cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiff can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)). "Supervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior." *Id.* (citing to *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed against Defendants Washington and Crisman because Plaintiff Gray failed to allege any personal involvement on the part of either Defendant with the alleged unconstitutional deprivation. *See Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008).

## V. Conclusion

For the reasons set forth above, Plaintiff Niyjal Gray's case is severed from the other thirty-five Plaintiffs. (ECF No. 1.) The complaint is DISMISSED WITHOUT PREJUDICE regarding the remaining Plaintiffs. Plaintiff Gray's motion for class certification is DENIED. The complaint is DISMISSED WITHOUT PREJUDICE as to Plaintiff Gray for failing to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated: October 20, 2025                    s/Judith E. Levy
Ann Arbor, Michigan                       JUDITH E. LEVY
                                          United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2025.

                              s/William Barkholz
                              WILLIAM BARKHOLZ
                              Case Manager